# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46693-7-II |
| Respondent, | |
| v. | |
| DANIEL JAMES JACKSON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J.  —  Daniel James Jackson appeals his guilty plea conviction of fourth degree assault.  He argues that his trial counsel's failure to investigate certain evidence or discuss a possible self-defense claim with him constituted ineffective assistance of counsel and resulted in his entry of an involuntary guilty plea.  Because the record does not support Jackson's ineffective assistance of counsel claim, we affirm.

FACTS

On August 7, 2014, Jackson entered an *Alford*[1] plea to an amended charge of fourth degree assault.[2]  The statement of defendant on plea of guilty (SDPG) stated that he had been advised of

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (a defendant may plead guilty while disputing the facts alleged by the prosecution); *see also State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976).

[2] The State originally charged Jackson with second degree assault with a deadly weapon sentencing enhancement.

his rights and had waived those rights, that he made the "plea freely and voluntarily," and that "[n]o one has threatened harm of any kind to [him] or to any other person to cause [him] to make this plea." Clerk's Papers (CP) at 32. Trial counsel also signed the SDPG stating that he had read and discussed the SDPG with Jackson and believed that Jackson was competent and fully understood the document.

At the change of plea hearing, Jackson acknowledged that he had read the SDPG and had also reviewed the SDPG, the elements of the crime, and the rights he would be forfeiting with trial counsel. Jackson also confirmed that he was freely and voluntarily making his plea, that no one had threatened him or coerced him in any way in order to get him to plead guilty, and that no one had made him any promises not reflected in the SDPG. The trial court found a factual basis for the plea based on the statement of probable cause and accepted the guilty plea.

The trial court then proceeded to sentencing. During this portion of the hearing, the State asserted that the victim claimed that Jackson had attempted to pull a knife on him and his father-in law outside a local grocery store when they refused his request for money and that the father-in-law had "knocked Mr. Jackson over" when they saw the knife and Jackson was injured. Report of Proceedings (RP) (Aug. 7, 2014) at 7. Jackson's counsel disputed the State's representation of the facts, stating that Jackson asserted that he had not pulled a knife and that he was just turning away when "someone slammed him to the ground," causing significant injuries. RP (Aug. 7, 2014) at 8. Trial counsel further stated that Jackson was initially hesitant to accept the plea offer because he "believe[d] he did not do anything wrong" and was the one who was assaulted, but he changed his plea because he did not have the money to post bail and would get out of jail that day if he

2

pleaded guilty. RP (Aug. 7, 2014) at 9. Jackson filed a timely notice of appeal challenging his conviction.

Approximately a month after filing his notice of appeal, Jackson, now represented by new counsel, filed a CrR 7.8 motion to withdraw his guilty plea. Jackson's declaration supporting this motion stated,

> I was previously represented by Alex Stalker and I do not believe that he provided me with the [sic] sufficient information to make an informed decision about pleading guilty to the reduced crime of assault in the 4th degree. *I believe that there was additional evidence* that would have exonerated me and proved that I was attacked by the complaining witness, which included video footage that was never reviewed. I feel as if I was coerced to change my plea, even though I wanted to go to trial and be exonerated.
>
> Although I knew that I was pleading guilty, I do not believe that it was done voluntarily. I believe that I was forced to do so by my attorney, who was unwilling to take my case to trial. I was defending myself at the time and suffered injuries to my teeth and jaw, for which I will never be able to be adequately compensated. I was never provided with the discovery from the prosecuting attorney and believe that my lawyer did not contact witnesses and failed to adequately prepare my case. I was not aware of all of the consequences of my plea of guilty, including my expulsion from the local Safeway store, where I previously shopped. I wanted to take my case to trial, and my attorney did not follow my wishes and coerced me to plead guilty.

CP at 12-13 (emphasis added).

The State opposed the CrR 7.8 motion to withdraw the plea, arguing that Jackson signed the SDPG after a full colloquy regarding the plea and that Jackson had not established that trial counsel failed to provide "competent assistance." CP at 7. In regard to the video, the State commented, "[Jackson] claims an unknown video would exonerate him. The State has not located a video, let alone a video that would change the facts of the case." CP at 8.

At the motion hearing, Jackson's new counsel argued,

> [Jackson] *believes* that there would have been evidence that would have exonerated him and he told me that he *believed* that there was video footage that was never

3

reviewed and he felt as if he would [sic] coerced to change his plea and he doesn't believe that his change of plea was voluntary and he believes that he suffered injuries which would have perhaps gone to convince a jury that he was the victim and he indicated that he wasn't provided with discovery from the prosecutor by his attorney and he has reason to believe that his lawyer did not contact witnesses and failed to adequately pursue his case.

RP (Oct. 23, 2014) at 5-6 (emphasis added). The State responded that there was nothing supporting Jackson's claim that a video existed, no information regarding evidence that was not shown to him, and no information about other witnesses. The trial court denied Jackson's CrR 7.8 motion.[3]

ANALYSIS

Jackson argues that his trial counsel's failure to investigate the video and to properly advise him about a possible self-defense claim constituted ineffective assistance of counsel resulting in his entry of an involuntary guilty plea. Jackson further asserts that his affidavit supporting his CrR 7.8 motion provides proof of this deficiency. Based on this record, this argument fails.

We review a claim of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). "To prevail on an ineffective assistance of counsel claim, [Jackson] must show that (1) defense counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant." *Sutherby*, 165 Wn.2d at 883 (citing *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). To meet the first part of the test, Jackson must show that trial counsel's representation "fell below an objective standard of reasonableness based on consideration of all the circumstances." *McFarland*, 127 Wn.2d at 334-35. It is Jackson's burden "to show deficient

---

[3] Our commissioner denied Jackson's motion to file a late notice of appeal challenging the trial court's November 24, 2014 denial of the CrR 7.8 motion to withdraw his plea. Accordingly, we do not address whether the trial court properly denied the CrR 7.8 motion.

representation based on the record established in the proceedings below." *McFarland*, 127 Wn.2d at 335. "Effective assistance of counsel includes assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial." *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010).

Jackson argues that trial counsel failed to investigate the video and that his affidavit supporting his CrR 7.8 motion supports this argument. But there is nothing in the record showing that this video existed or that trial counsel was aware of any video at the time he advised Jackson about the plea. Even assuming, without deciding, that we can consider Jackson's declaration, the record shows only that Jackson "believe[d]" a video existed and that the State was unable to locate such a video. CP at 12. Without evidence in the record demonstrating that an exculpatory video existed or that trial counsel was aware of such a video, Jackson cannot establish that trial counsel was deficient for failing to investigate the video or that there was any additional information Jackson should have considered before entering his guilty plea. Additionally, because there is no evidence in the record that an exculpatory video existed, Jackson also fails to establish that he was prejudiced by any failure to investigate the video.[4]

Jackson further argues that his guilty plea was involuntary because his trial counsel did not properly advise him about a possible self-defense claim before Jackson entered his plea. Portions of the record, specifically trial counsel's argument at sentencing, suggest that Jackson was claiming that he had acted in self-defense and that trial counsel was aware of this claim. But

_____

[4] If there is evidence outside the record supporting this claim, the proper way to present this issue is to file a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

precisely what advice trial counsel gave Jackson about this possible defense before Jackson entered his guilty plea is outside the record. Accordingly, this argument also fails.[5]

Because Jackson does not establish on this record that trial counsel's deficient performance resulted in the entry of an involuntary guilty plea, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

Worswick, J.

WORSWICK, J.

Lee, J.

LEE, J.

---

[5] Again, if there is evidence outside the record supporting this claim, the proper way to present this issue is to file a personal restraint petition. *McFarland*, 127 Wn.2d at 335.